# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 08-40060-JAR |
| | ) |
| | ) |
| MIJA SOPHIA LAWTON, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mija Lawton's *pro se* Motion for

Modification or Reduction of Sentence (Doc. 197) pursuant to 18 U.S.C. § 3582(c)(2) and

Motion to serve the remainder of her sentence on home detention (Doc. 198). The government

has responded (Doc. 199). For the reasons explained in detail below, Defendant's motions are

denied.

### Background

On July 9, 2008, Defendant was named in a 16-count Indictment along with John Earl

January, III.[1] On June 29, 2009, Defendant entered a guilty plea to a Superseding Information

charging one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i),

(a)(2)(B)(i) and (2).[2] The Presentence Investigation determined that Defendant was accountable

for 13.15 kilograms of cocaine base, yielding a base offense level of 38. With reductions, the

_____

[1]Doc. 1.

[2]Docs. 76, 90.

total offense level was 32, with a criminal history category of I, resulting in a Guidelines range of 108 to 135 months.  On October 18, 2010, Defendant was sentenced to a controlling term of 70 months.

### *Discussion*

Defendant argues her sentence should be reduced by two levels to a Level 30, pursuant to this Court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission."[3]  The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines.  That section allows a court to reduce a term of imprisonment under § 3582(c) provided that the Guidelines range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).[4]

Citing the 2007 "Crack Amendment" to the Guidelines, Defendant appears to rely on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1 by two levels.[5]  The Sentencing Commission later declared Amendment 706 to be retroactive, so it may serve as support for a § 3582(c) reduction in sentence.[6]  Amendment 706 changed § 2D1.1(c) so that base offense level 38 applied to 4.5

---

[3]18 U.S.C. § 3582(c)(2).

[4]U.S.S.G. § 1B1.10(a)(1).

[5]U.S.S.G. app. C Supp. Amend. 706 (Nov. 1, 2007).

[6]*See* U.S.S.G. app. C Supp. Amend. 713.

kilograms or more of Cocaine base instead of 1.5 kilograms.[7]  The Court found Defendant responsible for 13.15 kilograms of crack cocaine and thus, according to the Drug Quantity Table in effect at the time Defendant's sentence was imposed, she was assigned a base offense level of 38, the highest level listed, so her base offense level remained unchanged by Amendment 706. Because Defendant would not have benefitted from Amendment 706 when she entered her plea in 2009, it does not apply to her situation.

Further, § 1B1.10 provides that a reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range."[8] To the extent Defendant relies on Amendment 750, this provision also stands as a bar to her request for relief.  As of November 1, 2011, the guidelines for crack cocaine have once again been amended, and the amendments have been given retroactive application.[9]  Under Amendment 750, which was added to those Amendments covered by U.S.S.G. § 1B1.10(c), base offense level 38 now applies to "8.4 KG or more of Cocaine Base."[10]  Thus, Defendant's applicable guideline range is not lowered and a reduction in sentence based on Amendment 750 is not authorized.[11]  Consequently, because of the sizeable amount of crack cocaine attributable to Defendant, neither Amendment 706 nor 750 has any effect on the applicable base offense level and therefore § 3582(c)(2) does not authorize a reduction in her sentence.

---

[7]U.S.S.G. § 2D1.1(c) & app. C Supp. Amend. 706.

[8]U.S.S.G. § 1B1.10(a)(2)(B).

[9]*See* Fair Sentencing Act of 2010, Pub .L. No. 111–220, 124 Stat. 2372 (2010); U.S.S.G. § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July 13, 2011) (on retroactivity).

[10]U.S.S.G. § 2D1.1 (2011).

[11]U.S.S.G. § 1B1.10(a)(2)(B).

Further, Defendant's arguments concerning the Ninth Circuit's decision in *United States v. Hicks*[12] are unavailing. Both the United States Supreme Court and the Tenth Circuit have specifically rejected the reasoning in *Hicks*, where the court held that when a defendant's sentence qualified for reconsideration under § 3582(c)(2), the resentencing must be conducted in conformity with *Booker*.[13] Because the scope of § 3582(c)(2) is narrow and the Court is unable to treat U.S.S.G. § 1B1.10(b) as nonbinding, Defendant is not entitled to be resentenced.[14]

Finally, the Court denies Defendant's request to serve the remainder of her sentence on home detention. Defendant bases her request on 18 U.S.C. § 3553 *et. seq.* and 42 U.S.C. § 13882, stating that she is the primary caretaker of her three minor children. She notes that pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 13882, the Bureau of Prisons ("BOP") was authorized to initiate the Family Unity Demonstration Project, which could unite parents with their children in "halfway house-like facilities."

The possible application of 42 U.S.C. § 13882 to Defendant's situation is of no consequence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[15] When a request for sentence reduction is not a direct appeal or collateral attack under 28 U.S.C. § 2255, the viability of the

---

[12]472 F.3d 1167 (9th Cir. 2007).

[13]*See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010); *United States v. Rhodes*, 549 F.3d 833, 840-41 (10th Cir. 2008).

[14]*Id.*

[15]*United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.1997).

motion depends entirely on 18 U.S.C. § 3582(c)[16] or Fed. R. Crim. P. 36.

Section 3582(c) provides only three jurisdictional grants under which a court may modify a term of imprisonment once it has been imposed: (1) upon a motion by the Director of the BOP; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission.[17]

None of these avenues is applicable in this case. As to the first, the Director of the BOP has not brought a motion. As to the second, the Court knows of no modification expressly permitted by statute and Fed. R. Crim. P. 35 is clearly inapplicable to this motion. As to the third, as discussed above, Defendant's sentencing range has not been lowered by the Sentencing Commission.

Nor does Rule 36 apply. That Rule provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[18] As Defendant seeks a substantive modification of her sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable. Accordingly, Defendant's request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

---

[16]*United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997).

[17]*See United States v. Green,* 405 F.3d 1180, 1184 (10th Cir.2005).

[18]*United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996).

Modification or Reduction of Sentence (Doc. 197) and Motion to change the terms of her

confinement (Doc. 198) are DENIED.

**IT IS SO ORDERED.**

Dated: November 10, 2011

 S/ Julie A. Robinson                    
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE