# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-40060-02-JAR |
| ) | 12-4078-JAR |
| MIJA SOPHIA LAWTON, ) | |
| ) | |
| Movant/Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mija Lawton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 203). The Government has responded (Doc. 207) by moving for dismissal of the motion as untimely because it was filed outside the applicable statute of limitations and Lawton has replied (Doc. 209). After a careful review of the record and the arguments presented, the Court grants the Government's motion and dismisses Lawton's motion.

## I.     Background

On June 29, 2009, Lawton entered a guilty plea to Count One of a Superseding Information charging her with money laundering in violation of 18 U.S.C. § 1956. On October 14, 2010, this Court sentenced Lawton to 70 months' imprisonment, well below the Guidelines range of 121 to 151 months. Lawton filed a direct appeal to the United States Court of Appeals for the Tenth Circuit, and the Government filed a motion to enforce the Plea Agreement. Lawton's counsel took no position on the motion to dismiss,[1] and the court gave Lawton the

---

[1] Counsel indicates in his submission that he filed the appeal at the direction of his client, and the appeal is frivolous. *United States v. Lawton*, Case No. 10-3277, Doc. 01018574609.

opportunity to file a *pro se Anders* response.² After Lawton did not respond, that court denied her appeal on February 28, 2011, granting the motion to enforce the Plea Agreement.³ On March 22, 2011, the Tenth Circuit issued the Mandate. Lawton was served copies of both the February 28, 2011 Order and Judgment and the notice that the mandate had been filed.⁴ Lawton did not file a petition for writ of certiorari with the United States Supreme Court. On November 2, 2011, Lawton moved this Court for modification or reduction of her sentence under the "Crack Amendment" to the United States Sentencing Guidelines, and to serve the balance of her sentence on home detention; both motions were denied on November 10, 2011.⁵ On June 13, 2012, Lawton filed the instant § 2255 motion seeking to vacate her sentence.

## II.    Standard

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it

---

²*Id.* Doc. 01018575631.

³*United States v. Lawton*, 414 F. App'x 152 (10th Cir. 2011).

⁴*United States v. Lawton*, Case No. 10-3277, Docs. 01018592428, 01018608256.

⁵Doc. 200.

2

> plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[6] Because Lawton appears *pro se*, her pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[7] If a petitioner's motion can be reasonably read to state a valid claim on which she could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[8] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[9] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on her behalf.[10]

**III.  Discussion**

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[11] This statute provides that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.[12] Lawton did not file a petition

---

[6] 28 U.S.C. § 2255(b).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id*.

[9] *Id*.

[10] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[11] *See* 28 U.S.C. § 2255, ¶ 6.

[12] *Id*. at ¶ 6(1).

3

for writ of certiorari with the Supreme Court, and her conviction became final on or about May 29, 2011, or ninety days after the Tenth Circuit filed its opinion dismissing her appeal.[13] Thus, in order to be timely under § 2255(f)(1), Lawton was required to file her § 2255 motion within one year of May 29, 2011. Lawton filed her § 2255 petition on June 11, 2012, thirteen days after the one-year limitations period ran.

In her response to the Government's motion to dismiss, Lawton concedes that her motion was filed outside the one-year deadline, but argues that she is entitled to equitable tolling of the statute of limitations. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[14] In the habeas action context, equitable tolling has been limited to "rare and exceptional circumstances."[15] The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[16]

Lawton's claim that she diligently pursued the instant action is belied by the record and

---

[13]*See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires, *i.e.*, ninety days after the court of appeals issues its judgment); Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

[14]*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.")

[15]*Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000).

[16]*Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

4

circumstances of the proceedings. Despite being served copies of all of the filings relative to her appeal from the Tenth Circuit, Lawton nevertheless asserts that she was unaware that counsel had filed a direct appeal, and understood that she had waived her right to appeal pursuant to the Plea Agreement. When she received correspondence from the Tenth Circuit informing her that counsel had indicated the appeal was frivolous and giving her the opportunity to file an *Anders* brief, she "dismissed the idea as a mistake," and disregarded the letter from the Circuit. Although she does not state a time frame, Lawton was subsequently informed by a fellow inmate that she might pursue a § 2255 on the grounds of ineffective assistance of counsel, which would not be barred by the waiver. In April 2012, Lawton contacted counsel about the deadline for filing a § 2255 motion and obtaining documentation, to no avail. She then contacted the Clerk of the Court and obtained a docket sheet for these proceedings. Lawton then calculated the one-year statute of limitations as running from March 22, 2011, the date the Tenth Circuit entered the mandate. She argues that her appeal was fraudulently filed by counsel, who then abandoned her without any advice on how to proceed with a § 2255 motion.

Although Lawton characterizes the filing of her direct appeal as somehow penalizing her, the appeal actually extended Lawton's time to file her § 2255 motion by approximately seven months. In fact, if no appeal had been filed, her conviction would have been final fourteen days after entry of her judgment of conviction, or October 28, 2010, and thus her § 2255 motion deadline would have been October 28, 2011.[17] By her own account, Lawton did not begin to

---

[17]*See United States v. Mauldin*, No. 06-3018-SAC, 2006 WL 276496, at *1 (D. Kan. Feb. 1, 2006) (explaining that when a defendant does not filed a direct appeal, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal) (citing *United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000)).

5

pursue filing a § 2255 motion until sometime after then, when she contacted counsel and the clerk in April and May 2012, and after ignoring the notices from the Tenth Circuit regarding the status of her appeal. In fact, the record indicates that Lawton would have learned her appeal was dismissed in March 2011, over one year before she contacted counsel and the clerk.

Nor does Lawton demonstrate that some extraordinary circumstance stood in the way of her filing the instant motion. Instead, it is apparent that Lawton was aware that her appeal had been dismissed, but miscalculated the final date of her conviction, which is the date of the judgment, not the mandate. The law is clear that complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.[18] Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated *pro se* prisoner.[19] "Simple excusable neglect is not sufficient."[20] Accordingly, the Court finds that Lawton's request for equitable tolling is without merit, and her motion is untimely.

**IV. Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[21] A petitioner may satisfy his

---

[18]*See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001).

[19]*Marsh*, 223 F.3d at 1220; *Gibson*, 232 F.3d at 808.

[20]*Id.*

[21]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

6

burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[22] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[23] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[24] For the reasons detailed in this Memorandum and Order, Lawton has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Lawton's Motion to Proceed In Forma Pauperis (Doc. 204) is GRANTED;

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (Doc. 207) is GRANTED; Lawton's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 203) is DISMISSED as untimely; Lawton is also denied a COA.

**IT IS SO ORDERED.**

Dated: August 27, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[22]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[23]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[24]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).